UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| MICHAEL PRESS, et al., | : | |
| | : | Case No. 1:20-cv-2052 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 22, 26] |
| BP, PLC, a British Public Limited | : | |
| Company, and BP CORPORATION | : | |
| NORTH AMERICA, INC., a U.S. | : | |
| Corporation, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs are former Standard Oil of Ohio ("Sohio") employees and former participants in the Sohio Benefit Plan.[1]  Plaintiffs became employees of Defendant BP Corporation North America ("BP America") when BP America's parent company Defendant BP, plc, purchased Sohio in 1987.[2]  But Plaintiffs initially remained on the Sohio Plan.[3]

On January 1, 1989, BP America converted the Sohio Plan into the new BP Retirement Accumulation Plan.[4]  In this lawsuit, Plaintiffs claim that BP America, with the help of parent BP, plc, circulated several false and misleading communications to convince Plaintiffs to accept the Retirement Accumulation Plan transition.[5]  According to Plaintiffs, these communications falsely assured Plaintiffs that BP America employees would be universally better off on the Retirement Accumulation Plan.[6]

---

[1] Doc. 1 at 2.
[2] *Id.*
[3] *Id.* at 50.
[4] *Id.* at 51.
[5] *Id.* at 80–84.
[6] *Id.*

Case No. 1:20-cv-2052
Gwin, J.

In March 2014, twenty-five years after the Retirement Accumulation Plan transition, a BP America Ombudsman report concluded that former Sohio employees' retirement benefits were diminished as a result of the Retirement Accumulation Plan transition, supposedly contradicting BP America's earlier claims that the Retirement Accumulation Plan was better than prior employee benefit plans.[7]  Plaintiffs allege that BP America, with the help of parent BP, plc, then attempted to conceal the Ombudsman's findings.[8]

On September 14, 2020, Plaintiffs brought ERISA claims against BP America for breaching its duty as the plan fiduciary and BP, plc for aiding BP America's fiduciary breach.[9]

Whatever merit these claims may have, however, Plaintiffs are not the first to bring them in federal court.  On April 13, 2016, other former Sohio employees brought nearly identical class action claims against BP America in the Southern District of Texas.[10]  The *Guenther* case has advanced considerably, and a class certification motion for either an opt-out or mandatory class is now pending for decision.[11]  Plaintiffs would be members of any certified *Guenther* class.[12]

Because of the similarity between the two cases, Defendant BP America has moved under the first-to-file rule to transfer this case to the Southern District of Texas or alternatively stay the case pending resolution of the *Guenther* class certification motion.[13]  Plaintiffs

---

[7] *Id.* at 73.
[8] *Id.* at 73–78.
[9] *Id.* at 80–84.
[10] *Guenther, et al. v. BP Retirement Accumulation Plan, et al.*, Case No. 4:16-cv-00995 (S.D. Tex.).
[11] Doc. 23-2 at 20–22.
[12] Doc. 24 at 8.
[13] Doc. 22.

Case No. 1:20-cv-2052
Gwin, J.

oppose.[14]  BP America has also moved to stay the case pending resolution of its transfer motion.[15]  With this order, the Court resolves the transfer and stay motions.

"The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts."[16] The rule provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.'"[17] If a court finds that the first-to-file rule applies, it may choose an appropriate remedy, including dismissing, staying, or transferring the later-filed suit.[18]

To determine whether separately filed actions fall within the first-to-file rule's scope, courts evaluate three factors: (1) the chronology of the suits, (2) the similarity of the parties involved, and (3) the similarity of the claims or issues at stake.[19]  If these factors weigh in favor of applying the rule, the Court should apply it absent some compelling equitable consideration such as the defendant's "bad faith, anticipatory suits, [or] forum shopping."[20]

The Court finds that the first-to-file rule applies here.

First, the two cases' chronologies weigh heavily in favor of applying the rule.  The *Guenther* complaint was filed more than 4 years before this suit's complaint, and the *Guenther* suit has advanced past a motion to dismiss and onto a ripe class certification motion.[21]

---

[14] Doc. 24.
[15] Doc. 26.
[16] *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).
[17] *Id.* (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)).
[18] *See Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (en banc).
[19] *Baatz*, 814 F.3d at 789.
[20] *Id.* (quoting *Certified Restoration*, 511 F.3d at 551–52).
[21] *Id.* at 790 (finding a year delay between the two actions supported the first-to-file rule's chronology factor).

Case No. 1:20-cv-2052
Gwin, J.

Second, the parties in the two cases are "nearly identical."[22]  The *Guenther* class would undisputedly include Plaintiffs if certified.  And even though the *Guenther* plaintiffs named the BP Retirement Accumulation Plan as a defendant instead of BP, plc, Defendants are all in privity.  The parties need not be strictly identical to warrant transfer.  "What matters for [first-to-file] purposes is that [Plaintiffs] and [BP America] would be parties to both actions."[23]

Third, the respective claims are nearly identical.  The two complaints take issue with the same January 1, 1989 BP America benefit plan transition and rely on the same documents to support their claims—a June 12, 1989 letter to employees,[24] the Retirement Accumulation Plan brochure,[25] and the March 2014 BP America Ombudsman report.[26]  Although the *Guenther* plaintiffs did not bring a derivative ERISA claim against BP, plc, the operative complaint facts are otherwise indistinguishable.  The issues in this case and *Guenther* "have such an identity that a determination in one action leaves little or nothing to be determined in the other."[27]

Finally, no equitable considerations suggest that the Court should decline to apply the first-to-file rule.  Plaintiffs do not allege inequitable defendant conduct.  Instead, Plaintiffs argue that *Guenther* litigation delays, Plaintiffs' advanced age, and Plaintiffs' intention to opt out of any non-mandatory *Guenther* class support proceeding here.[28]

---

[22] *Certified Restoration*, 511 F.3d at 551.
[23] *Baatz*, 814 F.3d at 791.
[24] Doc. 1 at 59–62, 66; Doc. 23-1 at 9–10.
[25] Doc. 1. at 60–62, 71; Doc. 23-1 at 12, 15.
[26] Doc. 1 at 63, 73–78; Doc. 23-1 at 16–22.
[27] *Baatz*, 814 F.3d at 791 (citing *Smith*, 129 F.3d at 361).
[28] Doc. 24 at 7–10.

Case No. 1:20-cv-2052
Gwin, J.

The Court finds that Plaintiffs' arguments do not outweigh application of the first-to-file rule.  True, Plaintiffs may opt out of any non-mandatory *Guenther* class, but their preemptive claim that they will do so does not bar transfer here.[29]  If Plaintiffs wish to litigate the case in this district after resolution of the *Guenther* class certification motion, outcome permitting, they may request transfer from the Southern District of Texas.

Plaintiffs' litigation delay arguments are similarly unpersuasive.  The *Guenther* case has four years' litigation history.  This case would repeat that history with associated delays.  Accordingly, Plaintiffs' claims will be delayed likely longer than the *Guenther* proceedings even if their case proceeds in this Court.  And if a mandatory class is certified, Plaintiffs will end up in Texas anyway.

As for post-class-certification delays, the Court finds that the Southern District of Texas is best able to accommodate Plaintiffs.  If any appeal is taken from the class certification decision, the Southern District of Texas will have discretion to continue merits discovery under Federal Rule of Civil Procedure 23(f).  And, as always, settlement of claims is possible while the case proceeds.  The Court finds that any appellate delay considerations are best dealt with when and if they materialize rather than speculatively at this stage.  In the event they do materialize, Plaintiffs, as they admit in their opposition brief, may seek transfer back to this Court.[30]

---

[29] *Baatz*, 814 F.3d at 791 ("[A]llowing plaintiffs to use this representation to prevent the first-to-file rule from being applied in the first instance would undercut the purposes of the first-to-file rule[.]").
[30] Doc. 24 at 8.

Case No. 1:20-cv-2052
Gwin, J.

For these reasons, the Court **GRANTS** BP America's transfer motion and **TRANSFERS**

the case to the United States District Court for the Southern District of Texas.[31]  The Court

accordingly **DISMISSES AS MOOT** BP America's motion to stay the case.

IT IS SO ORDERED

Dated:  December 23, 2020                          s/       *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[31] The Court leaves to the discretion of the transferee court whether this case should be consolidated with *Guenther*.